IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>    Plaintiff,<br><br>  v.<br><br>REZA KARDOONI, et al.,<br><br>    Defendants. | Case No. 19-cv-04706-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

    Before the Court are two motions: (1) defendants Reza Kardooni, Cathleen Kardooni, and Redline Motor Sport LLC's Motion, filed January 20, 2021, "for Summary Judgment, or in the Alternative, for Partial Summary Judgment"; and (2) plaintiff Samuel Love's ("Love") Motion, filed February 10, 2021, "for Leave to File First Amended Complaint." The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follow.[1]

    In his complaint, Love, a "paraplegic who uses a wheelchair for mobility" (see Compl. ¶ 1), alleges that, in August 2019, he visited defendants' business "Pit Stop," where he encountered a "barrier" he describes as a failure to provide "accessible parking" (see Compl. ¶¶ 12, 14). Based on said allegations, Love asserts a claim under the Americans with Disabilities Act ("ADA"), as well as a claim under the Unruh Civil Rights Act, which latter claim is, as pleaded, wholly derivative of his ADA claim.

    In support of their motion for summary judgment, defendants argue, and Love does not dispute, that the ADA does not require a business to offer accessible parking

---

[1] By order filed March 16, 2021, the Court took the matters under submission.

1  where it offers no parking.  Additionally, defendants have submitted evidence that Pit
2  Stop does not offer parking of any kind on its premises (see Nekrawesh Decl. ¶ 5), which
3  evidence Love does not dispute; indeed, Love has "stipulated to the fact Defendants
4  have provided no parking, accessible or otherwise, at the Subject Property at all times
5  relevant to this litigation" (see Joint Case Management Statement, filed December 16,
6  2020, at 6:21-22).

7        Love nonetheless contends summary judgment should be denied for the reason
8  that he wishes to pursue other claims.  In that regard, he seeks leave to amend to file a
9  First Amended Complaint ("FAC"), in which he proposes he be allowed to pursue two
10 new claims.

11       First, Love seeks to pursue a claim alleging he encountered another barrier during
12 his August 2019 visit to Pit Stop, which barrier he describes as a failure to provide "an
13 accessible passenger loading zone."  (See proposed FAC ¶¶ 18-19.)  Specifically, Love
14 asserts that, where a business does not offer parking, it must provide a passenger
15 loading zone that is accessible.  (See id. ¶ 21.)  For the reasons stated by defendants,
16 however, amendment to plead such a claim here would be futile (see Defs.' Opp. to Pl.'s
17 Mot. for Leave to File FAC at 7:6-17), as defendants' business is not one of the three
18 types of businesses required to have a passenger loading zone (see 2010 ADA
19 Standards § 209.3 (providing "licensed medical care and licensed long-term care facilities
20 where the period of stay exceeds twenty-four hours" must have passenger loading zone);
21 id. § 209.4 (providing "[p]arking facilities that provide valet parking services" must have
22 passenger loading zone); id. § 209.5 (providing "[m]echanical access parking garages"
23 must have passenger loading zone)).[2]
24 //

---

[2] Where a business is either required or elects to provide a passenger loading zone, the loading zone must comply with specified criteria, see id. § 209.2, such as having a "vehicular pull-up space 96 inches (2440 mm) wide minimum and 20 feet (6100 mm) long minimum," see id. § 503.2.  Love acknowledges, however, that Pit Stop does not have a passenger loading zone.  (See Love Decl. ¶¶ 6-9.)

Second, Love seeks to pursue a claim that, at some point after Love's visit to Pit Stop, defendants "installed" an "inaccessible" parking space. (See proposed FAC ¶¶ 15-17.) As defendants point out, however, amendment to plead this additional proposed claim likewise would be futile, as Love did not return to Pit Stop after his August 2019 visit (see proposed FAC ¶ 25) and thus did not encounter any such assertedly "inaccessible" parking, see Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (holding plaintiff lacks standing to challenge barriers he has not encountered), nor can he rely on the theory that he was, as a result of his initial visit in August 2019, deterred from returning and experiencing such a barrier at a later date, as he did not encounter a legally cognizable barrier at his visit in August 2019, cf. Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1043-44 (9th Cir. 2008) (holding, where plaintiff encounters barrier that violates ADA and "deters access to . . . a place of public accommodation," plaintiff may challenge barriers he did not encounter but would have encountered but for initial barrier). Moreover, any claim for injunctive relief based on the later-installed parking space is moot, as Love does not dispute defendants' showing that the parking space has been removed. (See Nekrawesh Decl. ¶ 6); see also Antonio v. Yi, 694 Fed. Appx. 620, 622 (9th Cir. 2017) (finding claim for injunctive relief based on lack of handicap-accessible parking "moot" after defendant removed all parking from premises).

Accordingly, Love's motion for leave to amend will be denied. See Deveraturda v. Globe Aviation Security Services, 454 F.3d 1043, 1049-50 (9th Cir. 2006) (holding district court properly denies leave to amend where proposed amendment "would be futile").

Lastly, Love argues the Court should deny or defer ruling on the motion for summary judgment until he has had sufficient time to conduct discovery. See Fed. R. Civ. P. 56(d) (providing court may defer or deny motion for summary judgment, where non-movant shows need for discovery "essential to justify its opposition"). The claims as to which Love seeks to take discovery, however, are the claims asserted in his proposed FAC, which claims, as discussed above, are futile. Consequently, Love has not shown there exists a cognizable basis for affording him an opportunity to conduct further

3

discovery.

 Accordingly, defendants' motion for summary judgment will be granted.

## CONCLUSION

For the reasons stated above,

1. Defendants' motion for summary judgment is hereby GRANTED, and

2. Love's motion for leave to amend is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 18, 2021

MAXINE M. CHESNEY  
United States District Judge