1

2

3           IN THE UNITED STATES DISTRICT COURT

4           FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6    SAMUEL LOVE,                          Case No.  19-cv-04706-MMC

7              Plaintiff,
                                           **ORDER GRANTING IN PART AND**
8         v.                               **DENYING IN PART DEFENDANTS'**
                                           **MOTION FOR FEES AND COSTS**
9    REZA KARDOONI, et al.,

10             Defendants.

11

12        Before the Court is the Motion for Fees and Costs, filed April 2, 2021, by

13   defendants Reza Kardooni and Cathleen Kardooni (collectively, "the Kardoonis"), as well

14   as defendant Redline Motor Sport, LLC's ("Redline").  Plaintiff Samuel Love ("Love") has

15   filed opposition, to which defendants have replied.  Having read and considered the

16   papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

18        On August 13, 2019, Love, "a paraplegic who uses a wheelchair for mobility," filed

19   the above-titled action.  (See Compl. ¶ 1.)  In his complaint, Love alleged that, in August

20   2019, he went to "Pit Stop," a business owned by Redline that operates on land owned

21   by the Kardoonis (see Compl. ¶¶ 3-4, 10), during which visit he "encountered [a] barrier,"

22   specifically, the lack of "accessible parking" (see Compl. ¶ 12).  Based on the above

23   allegations, Love asserted a claim under the Americans with Disabilities Act ("ADA") and

24   a claim under the Unruh Civil Rights Act.

25        On January 20, 2021, defendants filed a motion for summary judgment, and, on

26   February 10, 2021, Love filed a motion for leave to amend the complaint.  By order filed

27   _____

28        [1] By order filed June 9, 2021, the Court took the matter under submission.

1   March 18, 2021, the Court granted defendant's motion for summary judgment and denied

2   Love's motion to amend.  Thereafter, on March 19, 2021, the Clerk of Court entered

3   judgment in favor of defendants.

4                                          **DISCUSSION**

5          Defendants, the prevailing parties in the above-titled action, seek an award of fees

6   and costs against Love and his counsel, comprising $95,225 for work performed on the

7   underlying merits of the action (see Christensen Decl. [Doc. No. 69-3] ¶ 15), $17,860 for

8   work performed in moving for an award of fees and costs, often referred to as "fees-on-

9   fees" (see Supp. Christensen Decl. [Doc. No. 71-1] ¶ 2, Ex. 1), and $476.33 in costs (see

10  Christensen Decl. [Doc No. 69-3 ¶ 18; Supp. Christensen Decl. ¶ 2, Ex. 1.)

11         As to Love, defendants seek an award under 42 U.S.C. § 12205, which provides

12  that a court "may allow the prevailing party" in an ADA case "a reasonable attorney's fee,

13  including litigation expenses, and costs."  See 42 U.S.C. § 12205.  Where the party

14  seeking fees and costs is a defendant, however, a court may award fees and costs under

15  § 12205 only upon a finding "the plaintiff's action was frivolous, unreasonable, or without

16  foundation."  See Kohler v. Bed Bath & Beyond, 780 F.3d 1260, 1266 (9th Cir. 2015)

17  (internal quotation and citation omitted).

18         As to Love's counsel, defendants seek an award of fees and costs under 28

19  U.S.C. § 1927, which provides that a court may order an attorney "who so multiplies the

20  proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess

21  costs, expenses and attorneys' fees reasonably incurred because of such conduct."  See

22  28 U.S.C. § 1927.  A sanction imposed under § 1927 "must be supported by a finding of

23  subjective bad faith."  See New Alaska Development Corp. v. Guetschow, 869 F.2d 1298,

24  1306 (9th Cir.1989).

25         Defendants argue that an award of fees and costs is proper, under both § 12205

26  and § 1927, on the asserted ground that Love and his counsel were always aware that

27  Pit Stop never offered parking, and, consequently, knew that any claims based on a lack

28  of accessible parking were without merit.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Under the ADA, "whatever goods or services [a] place [of public accommodation]

2   provides, it cannot discriminate on the basis of disability in providing enjoyment of those

3   goods and services," see Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104,

4   1115 (9th Cir. 2000); it is not required, however, to "alter the nature or mix of goods that

5   [it] offers," see Ford v. Schering-Plough Corp., 145 F.3d 601, 613 (3rd Cir. 1998) (internal

6   quotation and citation omitted).  In the instant case, defendants, in moving for summary

7   judgment, submitted evidence, undisputed by Love, that Pit Shop has never provided

8   parking for its customers.  Consequently, as the Court found when it granted defendants'

9   motion for summary judgment, Love's sole claim, namely, that defendants violated the

10   ADA by not providing him accessible parking was not cognizable, as defendants were not

11   required to offer Love a service they did not offer to anyone.

12   Nevertheless, fees cannot be awarded "simply because a plaintiff did not

13   ultimately prevail."  See Kohler, 780 F.3d at 1266 (internal quotation and citation omitted).

14   Here, defendants argue, Love and his counsel "knew all along that his claims were

15   meritless" and "pursued them anyway."  (See Defs.' Mot. at 9:11.)  In support thereof,

16   defendants rely on the parties' stipulation, set forth in a Joint Case Management

17   Statement filed December 16, 2020, that "[d]efendants have provided no parking,

18   accessible or otherwise, at the Subject Property at all times relevant to this litigation."

19   (See Doc. No. 44 at 6:21-22.)

20   The above-quoted stipulation clearly establishes that, as of December 16, 2020,

21   Love and his counsel were aware the claim pleaded in the complaint lacked merit.  In

22   determining whether an award of fees is appropriate, the Court next considers the

23   conduct of Love and his counsel before and after December 16, 2020.

24   With respect to the period before December 16, 2020, defendants argue Love was

25   aware, as early as August 5, 2019, that Pit Stop did not offer parking.  In particular,

26   defendants rely on Love's answer to an interrogatory, in which he stated he visited Pit

27   Stop on August 5, 2019, and, although he also stated he "notice[d] multiple cars parked

28   on the subject property" (see Supp. Christensen Decl. [Doc. No. 77-1] Ex. 1 at 2:3-5, 13-

3

14), he acknowledged he "did not notice any marked parking spots" (see id. Ex. 1 at 2:13-14).  Defendants, however, cite no requirement, and the Court is aware of none, that a business may only offer parking in marked spots.  Next, defendants argue Love was made aware of that fact through an email sent October 19, 2019, by defendants' counsel to Love's counsel, stating "Pit Stop does not have any public parking associated with the facility" (see Ramchandani-Raj Decl. [Doc. No. 52-4] Ex. 1), which information was again conveyed to Love's counsel during a site inspection conducted November 26, 2019, at which defendants' counsel stated the "Subject Property" had "no (i.e. zero) parking spaces whatsoever" (see id. ¶¶ 5-6).  Love and his counsel, however, were not obligated to immediately accept such statements as true.

With respect to the period between the site inspection and the stipulation, defendants offer no additional evidence as to when Love learned Pit Stop did not offer any parking.  Moreover, discovery did not open until November 6, 2020, almost a year after the site inspection (See Doc. No. 43), and Love's claim, albeit based on an erroneous understanding that parking was available at Pit Stop, was not without some factual support.  In particular, Love has submitted photographs taken August 7, 2019, showing a number of vehicles parked in close proximity to the Pit Stop structure (see Masanque Decl. [Doc. No. 54-3] ¶¶ 2-3, Ex. 4), as well as evidence that his investigator, in the course of the site inspection, noted Pit Stop had recently installed a marked handicapped parking space[2] on what appeared to the investigator to be Pit Stop's premises (see Wegman Decl. [Doc. No. 57-3] ¶¶ 2-3, Ex. 2).[3]

_____

[2] According to defendant Redline's CEO, the marked parking spot, at the time of the site inspection, had been "partially created" and that he thereafter was advised it was not on defendants' property, after which he "removed" it.  (See Nekrawesh Decl. [Doc. No. 52-1] ¶ 6.)

[3] The parties do not address the circumstances under which they entered into their December 16 stipulation.  The record does reflect, however, that defendants' counsel, in October 2020, obtained from Alameda County a "certified 8.5x11 [inch] Assessor's Map" that shows the boundaries of the property, which information may have resolved the question as to ownership of the property on which the vehicles Love saw were parked. (See Christensen Decl. [Doc. No. 52-2] ¶ 7, Exs. 4-5.)

1    Accordingly, the Court finds it was not unreasonable for Love and his counsel to

2    believe, for the period encompassing August 13, 2019, to December 16, 2020, that Pit

3    Stop offered parking on its premises, and, consequently, fees and costs for this time

4    period are not warranted.  The Court next considers the time period beginning December

5    16, 2020, i.e., the period after Love acknowledged Pit Stop did not offer parking.

6        On December 23, 2020, the Court conducted a case management conference,

7    and, in connection therewith, the parties, as noted, filed a Joint Case Management

8    Statement in which they stipulated that Pit Stop, "at all times relevant to this litigation,"

9    had "provided no parking, accessible or otherwise."  (See Doc. No. 44 at 6:21-22.)

10   Nevertheless, in that same Statement, Love took the position that "Defendants' failure to

11   provide for accessible parking at the Pit Stop . . . violated the Plaintiff's rights under the

12   Americans With Disabilities Act and the Unruh Civil Rights Act" (see id. at 2:9-12) and

13   stated "Plaintiff anticipates filing a motion for partial summary judgment on the issue of

14   duty and liability under [those Acts]" (see id. at 3:12-13).  Consequently, Love's claim that

15   defendants did not offer accessible parking remained pending before the Court.

16       Thereafter, on January 20, 2021, defendants filed a motion for summary judgment,

17   relying on the parties' December 16 stipulation that Pit Stop had never provided parking,

18   as well as affirmative evidence to that effect and the absence of any authority requiring a

19   business such as Pit Stop to offer accessible parking when it offers no parking to anyone.

20   Love, in responding to the motion for summary judgment, did not contend his existing

21   claim had merit, but, rather, as discussed in more detail below, sought, both in his

22   opposition to defendants' motion for summary judgment and by a separately filed motion,

23   leave to amend to pursue two new claims he wished to assert.  In responding to the

24   instant motion for fees and costs, Love offers no explanation as to why, after entering into

25   the December 16 stipulation, he did not dismiss his existing claim and instead required

26   defendants to incur the costs of filing a motion for summary judgment, the result of which

27   was clearly inevitable.

28       Given such circumstances, the Court finds Love's continued pursuit of his claim

United States District Court
Northern District of California

5

Case 3:19-cv-04706-MMC   Document 79   Filed 09/30/21   Page 6 of 10

1    after December 16, 2020, was, for purposes of § 12205, unreasonable and without

2    foundation, and, for purposes of § 1927, unreasonable, vexatious, and in bad faith.

3         The Court next turns to the new claims Love sought leave to pursue and whether

4    his attempt to pursue those proposed claims constitutes conduct warranting an award of

5    fees and costs.

6         The first of Love's two proposed claims was based on an allegation that

7    defendants failed to provide "an accessible passenger loading zone."  (See Proposed

8    First Amended Complaint ("Proposed FAC") ¶ 18.)[4]  To proceed on this claim, Love had

9    to allege facts showing defendants provided a passenger loading zone that was not

10   accessible to him, and, as the Court noted in its order denying Love's motion to amend,

11   no such allegations were included in the proposed FAC.  Love now relies on evidence

12   that, during the site inspection, "the owner/operator" told Love's counsel that, when

13   customers seek "services that require more time than a quick oil change," it is the

14   "policy/procedure" of Pit Stop that those "customers will drop off their vehicles and

15   receive a ride home from the business" (see Doyle Decl. [Doc. No. 57-2] ¶¶ 3-4), a

16   service Love states was not available to him on the date of his visit, as there was no

17   apparent area in "the lot where [he] could safely exit [his] vehicle" (see Love Decl. [Doc.

18   No. 54-1] ¶¶ 4, 9).  Given the above showing, the Court finds an award of fees and costs

19   based on Love's pursuit of the first proposed claim is not warranted.

20        The second of Love's two proposed claims was based on an allegation that the

21   marked parking spot defendants added after Love's visit was "inaccessible" and, as such,

22   constituted a "barrier[ ]" that "deterred" him from returning to Pit Stop.  (See Proposed

23   FAC ¶¶ 15-17, 24-25.)  As noted, however, Love had stipulated, prior to proposing such

24   claim, that Pit Stop had no parking, accessible or otherwise, on its property.  Moreover,

25   as the Court noted in its order denying Love's motion to amend, Love did not argue, let

26

27         _____

28         [4] The Proposed FAC is filed as an exhibit to Love's Motion for Leave to File First
     Amended Complaint.  (See Doc. No. 57-1.)

6

United States District Court
Northern District of California

1    alone allege, that he encountered any such barrier, nor, in responding to defendants'

2    motion for summary judgment, did he offer any evidence to dispute defendants' showing

3    that the marked parking spot had been removed, thus rendering the claim moot.[5]

4          Even assuming, however, the second proposed claim was, as characterized by

5    defendants, "frivolous" and that the pursuit thereof constituted "bad faith" (see Defs.' Mot.

6    at 10:26-27), potentially warranting an award under § 12205 and/or § 1927, defendants,

7    as Love points out, bear the burden of allocating their fees such that the Court can

8    determine what work is attributable to defending against the second proposed, and

9    arguably frivolous, claim and what work is attributable to defending against the first

10   proposed claim, which the Court, as set forth above, has found not of a character

11   warranting imposition of an award of fees and costs.  See Harris v. Maricopa County

12   Superior Court, 631 F.3d 963, 971-73 (9th Cir. 2011) (holding, where plaintiff asserts both

13   frivolous and nonfrivolous claims, "defendant bears the burden of establishing that the

14   fees for which it is asking [were] in fact incurred solely by virtue of the need to defend

15   against those frivolous claims"; further holding, "[i]f defendants do not demonstrate that

16   the work would not have been performed in order to defend against the nonfrivolous civil

17   rights [claim], or to put it differently, but for the need to defend against the frivolous

18   claims, fees associated with that work cannot be awarded, even in part"); United States v.

19   Blodgett, 709 F.2d 608, 610-11 (9th Cir. 1983) (holding § 1927 "only authorizes the

20   taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it

21   does not authorize imposition of sanctions in excess of costs reasonably incurred

22   because of such conduct").  In their reply, defendants have not attempted to make any

23   such allocation.  Consequently, the Court finds an award of fees and costs based on

24   Love's pursuit of the second proposed claim is not warranted.

25         In sum, as to the amount claimed for work performed on the underlying merits of

26

27         [5] Under the ADA, "injunctive relief is the sole remedy available to private parties";
     the ADA "does not authorize a claim for money damages."  See Antoninetti v. Chipotle

28   Mexican Grill, Inc., 643 F.3d 1165, 1174 (9th Cir. 2010).

United States District Court
Northern District of California

1  the action, the Court finds defendants are entitled to the reasonable fees and costs

2  incurred in filing their moving papers in support of their motion for summary judgment.[6]

3      Based on the Court's review of the billing records submitted, the total amount

4  claimed by defendants for that work is $11,413.79, comprising the following:  (1) $1900

5  (fees incurred for 2.5 hours of work performed by Robert W. Conti, a "senior shareholder"

6  at Littler Mendelson, P.C., at his "standard hourly rate" of $760 per hour (see Christensen

7  Decl. [Doc. No. 69-3] ¶ 9, Ex. 4 at 99));[7] (2) $9480 (fees incurred for 23.7 hours of work

8  performed by Erik Christensen, a "mid-level associate" at Littler Mendelson, P.C., at his

9  "standard billable rate" of $400 per hour (see id. ¶ 12. Ex. 4 at 93, 98-99, 162, 166-69));

10  and (3) $33.79 (costs incurred to deliver chambers copies to the Court (see id. Ex. 4 at

11  109); Supp. Christensen Decl. Ex. 1 at 8)).[8]

12      In ADA cases, "a reasonable fee is the number of hours reasonably expended on

13  the litigation multiplied by a reasonable hourly rate."  See Jankey v. Poop Deck, 537 F.3d

14  1122, 1132 (9th Cir. 2008) (internal quotation and citation omitted).  Here, the Court finds

15  the time expended in preparing the motion for summary judgment was reasonable and

16  not "excessive, redundant, or otherwise unnecessary."  See id. (identifying hours "not

17  reasonably expended).[9]

18      With regard to the hourly rate, courts must determine "the prevailing rate in the

19  community for similar work."  See Vogel v. Harbor Plaza Center, LLC, 893 F.3d 1152,

20  1158 (9th Cir. 2018) (internal quotation and citation omitted).  Here, defendants have not

21  _____

22  [6] Defendants' reply was directed almost exclusively to challenging the proposed claims.

23
24  [7] In citing to Exhibit 4 to the Christensen Declaration, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

25  [8] In citing to Exhibit 1 to the Supplemental Christensen Declaration, the Court has used herein the page number affixed to the top of each page by this district's electronic
26  filing program.

27  [9] The Court also finds the costs incurred in delivering chambers copies of the summary judgment and related filings were reasonable.  See Fed. R. Civ. P. 54(b)(2)(A)
28  (holding party seeking fees may additionally seek "nontaxable expenses").

United States District Court
Northern District of California

1   offered sufficient evidence as to the prevailing rate, relying solely on the hourly rates

2   sought by Love's counsel in a different case (see Christensen Decl. [Doc. No. 69-3] ¶¶ 2-

3   5); those rates, however, were not awarded.  See Gonzalez v. Machado, 2019 WL

4   3017647, at *4-*5 (N.D. Cal. July 10, 2019).  Nevertheless, although Love disputes

5   defendants' entitlement to fees, he "does not challenge the reasonableness of the rates"

6   claimed (see Pl.'s Opp. [Doc. No. 72] at 7:18), and, consequently, the Court will use

7   those rates in calculating the award.

8       Accordingly, as to work performed on the underlying merits of the action, the Court

9   finds defendants are entitled to an award of fees in the amount of $11,380, as well as

10  costs in the amount of $33.79, for a total of $11,413.79.[10]

11      As to fees-on-fees, the Court finds defendants are entitled to a reasonable award

12  for such work as well.  See Davis v. City and County of San Francisco, 976 F.2d 1536,

13  1544 (9th Cir. 1992) (holding "time spent by counsel in establishing the right to a fee

14  award is compensable"); see also Blixseth v. Yellowstone Mountain Club, LLC, 854 F.3d

15  626, 632 (9th Cir. 2017) (holding "fees and non-taxable costs . . . are awardable under

16  § 1927").

17      Based on the Court's review of the billing records submitted, the total amount

18  claimed by defendants for that work is $17,920.04, comprising (1) $17,860 (fees incurred

19  for 44.65 hours of work performed by Erik Christensen at his "standard billable rate" of

20  $400 per hour (see Supp. Christensen Decl. [Doc. No. 71-1] ¶ 2, Ex. 1 at 7, 15));

21  (2) $45.70 (PACER fees (see id. ¶ 2)); and (3) $14.34 (cost incurred to deliver chambers

22  copies to the Court (see id. Ex. 1 at 8)).

23      As set forth above, the Court will use the $400 hourly rate in calculating the award,

24  and, in determining the appropriate amount of the award, finds defendants, having

25  obtained an award constituting 11.95% of the amount sought for work performed on the

26

27      [10] To the extent defendants seek a multiplier of 2.0, the Court finds an insufficient
28  showing has been made to warrant such enhanced award.

1  underlying merits,[11] are entitled to recover 11.95% of the claimed fees-on-fees, see

2  Harris v. McCarthy, 790 F.2d 753, 758-59 (9th Cir. 1986) (finding it "entirely appropriate"

3  for district court to award prevailing party 11.5% of fees-on-fees sought, where movant

4  awarded 11.5% of merits fees sought), as well as the claimed PACER fees and delivery

5  cost, which the Court finds were reasonably incurred.

6          Accordingly, as to fees-on-fees, the Court finds defendants are entitled to an

7  award in the amount of $2134.27, which is 11.95% of $17,860, as well as costs in the

8  amount of $60.04.

9                                           **CONCLUSION**

10         For the reasons stated above, defendants' motion for fees and costs is hereby

11  GRANTED in part and DENIED in part, as follows:

12         1.  To the extent defendants seek, as against Love and his attorney, an award of

13  fees in the amount of $13,514.27, together with costs in the amount of $93.83, the motion

14  is GRANTED.

15         2.  In all other respects, the motion is DENIED.

16         **IT IS SO ORDERED.**

17

18  Dated: September 30, 2021

19                                                          MAXINE M. CHESNEY
                                                            United States District Judge

20

21

22

23

24

25

26

---

27         [11] As set forth above, defendants sought an award of $95,225 for work performed
    on the underlying merits and have been found entitled to an award of $11,380, i.e.,
28  11.95% of $95,225.